**420**

**UNITED STATES of America,**
**Appellee,**

v.

**Jorge Perez MORALES, Defendant–**
**Appellant.**

**No. 06–1800–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 5, 2007.

Barry D. Leiwant, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Pablo Quiñones, Assistant United States Attorney (Katherine Polk Failla of counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: ROBERT A. KATZMANN, Circuit Judge,* and EDWARD R. KORMAN, District Judge.**

**SUMMARY ORDER**

On consideration whereof, it is hereby **ORDERED, ADJUDGED,** and **DE-CREED** that the sentence of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant Jorge Perez Morales appeals from a final judgment of the United States District Court for the Southern District of New York (Casey, *J.*) sentencing him to a term of imprisonment of 57 months. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

We review sentences imposed after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), for reasonableness. *United States v. Mejia,* 461 F.3d 158, 162 (2d Cir.2006). Reasonableness review "involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006).

---

* The Honorable Thomas J. Meskill, who was a member of this panel, died on October 29, 2007. Prior to his death, he participated in the consideration and decision of this case. The two remaining members of the panel decide this appeal pursuant to 2d. Cir. Interim R. § 0.14(b).

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Morales's sole argument on appeal is that the district court erred by concluding that disparities in sentences caused by the existence of fast-track programs in other judicial districts are not considered unwarranted disparities within the meaning of 18 U.S.C. § 3553(a)(6). As Morales recognizes, this argument is squarely foreclosed by our decision in *United States v. Mejia,* where we held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." 461 F.3d at 164. Morales acknowledges that he raises the issue here merely to preserve it for review by the Supreme Court.

Because Morales has presented no other argument that the sentence imposed was either substantively or procedurally unreasonable, the sentence of the district court is **AFFIRMED.**